Hamad v. District Council DC 37

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Zakher Hamad,
         Plaintiff-Appellant,

         -v.-                                    14-2963

District Council DC 37; Lilian
Roberts, Executive Director DC 37;
Thomas Cooke,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Rudy A. Dermesropian, New York,
                            New York.

FOR APPELLEES:              Linda N. Keller, Greenberg
                            Burzichelli Greenberg P.C., Lake
                            Success, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Zakher Hamad appeals from the judgment of the United States District Court for the Southern District of New York (Buchwald, J.), granting defendants' motion to dismiss for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014).

Because Hamad represented himself in the district court, "we read his papers liberally and interpret them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted). At the same time, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**1.** The district court, construing Hamad's pro se filings liberally, considered (and dismissed) a "hybrid" claim under section 301 of the Labor Management Relations Act and the implied duty of fair representation. Hamad's reply brief, submitted by counsel, disclaims any intent to bring such a claim. See Appellant's Reply Br. at 1 ("[T]here is no hybrid claim."). So we need not consider this issue on appeal.

**2.** Hamad alleges that defendants' actions "violate the labor union contract." Compl. at 2. The district court dismissed this claim, reasoning that Hamad had no rights enforceable against defendants under the collective-bargaining agreement between his union, District Council 37

2

("the Union"), and his former employer, the Metropolitan Museum of Art ("the Museum").

Hamad's briefs barely mention any contract, so it is not clear whether Hamad intends to challenge this portion of the district court's ruling on appeal. In any event, even assuming the claim is preserved, we agree with the district court that it is meritless. Hamad does not allege breach of any particular provision of any particular contract. Instead, he offers nothing more than a legal conclusion: that defendants "violate[d] the labor union contract." Compl. at 2. This bare and conclusory allegation is insufficient. See Iqbal, 556 U.S. at 678-79.

Assuming (as the district court did) that Hamad is referring to the collective-bargaining agreement, the claim still fails: Hamad does not "point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 374 (1990). Nor can we find any such language.

**3.** The gist of Hamad's complaint (and briefing) is that defendants violated the implied duty of fair representation in the National Labor Relations Act.

A union "has a duty to represent fairly all employees subject to the collective bargaining agreement." Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998). To state a claim for a breach of the duty of fair representation, the union member plaintiff must adequately allege two elements: (1) "that the union's actions or inactions are either arbitrary, discriminatory, or in bad faith"; and (2) "a causal connection between the union's wrongful conduct and their injuries." Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks and citation omitted).

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted). In other words, "[t]actical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's

3

part does not give rise to a breach." Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989).

Even accepting all of Hamad's factual allegations as true, he fails to state a claim for the breach of the duty of fair representation. Hamad alleges that the Union should have challenged an arbitration decision because it granted him only partial relief. The arbitrator agreed with the Union that Hamad had been wrongfully terminated, and ordered his reinstatement as a security officer at the Museum (on a "last chance" basis). On the other hand, the award also converted his time away from work to a suspension without pay.

At most, the Union's decision not to challenge the arbitration award was a "tactical error," or "negligence"-- Hamad makes no plausible allegation of bad faith or irrational behavior. To the contrary: any challenge would have had little chance of success, given the deference owed even to "barely colorable" arbitration decisions. STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 79 (2d Cir. 2011). Moreover, given the Union's victory in overturning Hamad's termination (notwithstanding Hamad's long history of confrontations with museum patrons), Hamad's fair representation claim was appropriately dismissed.

**4.** For the first time on appeal, Hamad directly challenges the arbitration award as irrational, violative of public policy, and ultra vires. This argument is forfeited, because Hamad did not present it to the district court. See, e.g., Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 266-67 (2d Cir. 2014) (arguments raised for the first time on appeal are forfeited). Hamad's pro se status earlier in the litigation does not defeat our traditional forfeiture rule. See, e.g., LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995). (Hamad makes no reference to this claim in his reply brief, which was filed by counsel. Cf. Carlisle Ventures, Inc. v. Banco Espanol de Credito, S.A., 176 F.3d 601, 609-10 (2d Cir. 1999).)

In any event, the argument is meritless: Hamad offers no reason to think that the arbitration award is irrational, contrary to public policy, or beyond the scope of the arbitrator's authority. Nor can we find one, after our review of the arbitration materials in the appellate record.

4

**\* \* \***

For the foregoing reasons, and finding no merit in Hamad's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK